1  BURKE, WILLIAMS & SORENSEN, LLP
   Richard J. Reynolds, Bar No. 89911
2  Joseph P. Buchman, Bar No. 148983
   1851 East First Street
3  Suite 1550
   Santa Ana, CA 92705-4067
4  Telephone:    949.863.3363
   Facsimile:    949.863.3350
5
   Attorneys for Creditor
6  Trojan Capital Investments, LLC

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12  SEAN KELLY BURKE,                    Case No.  15-43901

13             Debtor.                   Chapter Number:  13

14                                       R.S. NO.:  JPB-001

15                                       **MOTION FOR RELIEF FROM
                                         AUTOMATIC STAY; DECLARATION OF**
16                                       **DON A. MADDEN, III; RELIEF FROM
                                         STAY COVER SHEET**
17
                                         Date:      January 29, 2016
18                                       Time:      10:00 a.m.
                                         Dept:      Room 215
19                                       Judge:     Charles Novack
                                                    1300 Clay Street
20                                                  Oakland, CA 94612

21

22

23

24      **CREDITOR TROJAN CAPITAL INVESTMENTS, LLC** ("Movant"), hereby moves

25  the Court for an order for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and

26  §362(d)(4)(B) on the grounds hereafter set forth:

27      1.      On December 29, 2015, at 9:27 a.m., debtor Sean Kelly Burke ("Debtor") filed a

28  Chapter 13 Petition in the United States Bankruptcy Court for the Northern District of California,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA
IRV #4831-7245-2908.v1

- 1 -

MOTION FOR RELIEF FROM
AUTOMATIC STAY

Case: 15-43901    Doc# 8    Filed: 01/08/16    Entered: 01/08/16 15:26:49    Page 1 of 6

1   Oakland Division, Case No. 15-43901.  Martha G. Bronitsky is the duly-appointed and acting
2   Chapter 13 Trustee.

3       2.      The Court has jurisdiction over this Motion under the provisions of 28 U.S.C. §§
4   157 and 1334 and 11 U.S.C. §362.  This is a "Court proceeding" under Title 28 of the United
5   States Code, § 157(b)(2)(G).  Venue in this Court is proper under the provisions of 28 U.S.C. §
6   1409.

7       3.      The Debtor's estate includes real property commonly known as 2136 McLean
8   Place, Livermore, CA 94550 (the "Property").

9       4.      Movant is the beneficiary under a Deed of Trust (With Future Advance Clause)
10  ("DOT") was recorded August 10, 2007 against the Property and the borrowers therein are
11  identified as Sean K. Burke and Deborah L. Burke, the lender is identified as National City Bank
12  ("National"). The DOT states that it secures a note in the sum of $251,000.00.  A true and correct
13  copy of the DOT is attached hereto marked as Exhibit "1" to the Madden Decl.

14      5.      The current amount owed on the note secured by the DOT is in excess of
15  $450,000.  Madden Decl., ¶ 6.

16      6.      Movant has been assigned the beneficial interest under the DOT along with the
17  note secured thereby pursuant to the following transactions:

18          a.      An Assignment of Deed of Trust ("First Assignment") was recorded
19      November 20, 2014 assigning all beneficial interest under the DOT together with the note
20      from PNC Bank, N.A. ("PNC") successor by merger to National City Bank to Summit
21      Real Estate Partners L.P. ("Summit").  A true and correct copy of the First Assignment is
22      attached hereto marked as Exhibit "2" to the Madden Decl.

23          b.      A Corporate Assignment of Deed of Trust ("Second Assignment") was
24      recorded on November 20, 2014 assigning all beneficial interest in the DOT from Summit
25      to Cerastes, LLC ("Cerastes").  A true and correct copy of the Second Assignment is
26      attached hereto marked as Exhibit "3" to the Madden Decl.

27          c.      A Corporate Assignment of Deed of Trust ("Third Assignment") was
28      recorded on November 20, 2014 assigning all beneficial interest in the DOT from Cerastes

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV.#4831-7245-2908.v1

MOTION FOR RELIEF FROM
AUTOMATIC STAY

1  to Trinity.  A true and correct copy of the Third Assignment is attached hereto marked as
2  Exhibit "4" to the Madden Decl.

3           d.      A Corporate Assignment of Deed of Trust ("Fourth Assignment") was
4  recorded on April 17, 2015 assigning all beneficial interest in the DOT from Trinity to
5  Trojan.  A true and correct copy of the Fourth Assignment is attached hereto marked as
6  Exhibit "5" to the Madden Decl.

7       7.      Foreclosure proceedings against the Property and based on the DOT have been
8  pursued pursuant to the following transactions:

9           a.      A Substitution of Trustee was recorded on March 17, 2015 substituting
10  Special Default Services, Inc. as foreclosure trustee.  A true and correct copy of the
11  Substitution of Trustee is attached hereto marked as Exhibit "6" to the Madden Decl.

12          b.      A Notice of Default ("NOD") was executed by Special Default Services,
13  Inc. ("SDS") and recorded March 17, 2015 (RJN, Exhibit F).  A true and correct copy of
14  the NOD is attached hereto marked as Exhibit "7" to the Madden Decl.

15          c.      A Notice of Trustee's Sale ("NOTS") was recorded on September 25,
16  2015, and duly noticed the Trustee's Sale of the Property under the Deed of Trust for
17  October 21, 2015.  A true and correct copy of the NOTS is attached hereto marked as
18  Exhibit "8" to the Madden Decl.

19      8.      The DOT is in second secured position on the Property, behind a deed of trust
20  securing a loan in the original amount of $1,256,250.00, under which Washington Mutual Bank,
21  FA was the lender and original beneficiary, and which has been assigned to JPMorgan Chase
22  Bank (the "Chase Loan").  True and correct copies of the deed of trust securing the Chase Loan,
23  and the assignment thereof to JPMorgan Chase Bank, are attached hereto marked as Exhibits "9"
24  and "10," respectively, to the Madden Decl.  Based on the demand received by Movant from
25  JPMorgan Chase Bank, as of December 23, 2015, the amount due on the Chase Loan was
26  $1,774,293.93.  The Chase Loan is also in foreclosure.  A true and correct copy of the demand is
27  attached hereto marked as Exhibit "11" to the Madden Decl.

28      9.      Therefore, the total amount of debt owed by the Debtor under the Chase Loan and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA
IRV.#4831-7245-2908.v1

MOTION FOR RELIEF FROM
AUTOMATIC STAY

1    the Movant's loan, and that is secured by the Property is currently in excess of $2,274,000.

2         10.     On October 21, 2015, the Debtor's spouse, Deborah L. Burke, a co-owner of the

3    Property, filed a Chapter 13 bankruptcy case, Northern District of California, Oakland Division,

4    Case No. 15-43232. The automatic stay arising from Deborah Burke's bankruptcy filing required

5    Movant to postpone trustee's sale of the Property. A true and correct copy of the Case Docket

6    from Case No. 15-43232 is attached hereto marked as Exhibit "12" to the Madden Decl.

7         11.     Debtor's spouse's bankruptcy case, Case No. 15-43232, was eventually dismissed

8    on December 22, 2015, after Deborah Burke failed to file required documents including her

9    Schedules and a proposed Chapter 13 Plan, and after she failed to appear at the meeting of

10    creditors. *See* Case Docket from Case No. 15-43232 is attached hereto marked as Exhibit "13" to

11    the Madden Decl.

12         12.     While Debtor's spouse's bankruptcy case, Case No. 15-43232, was pending,

13    Movant had continued the date of the trustee's sale of the Property from time to time, and had

14    reset the sale date to December 29, 2015. In light of the dismissal on December 22, 2015 of

15    Debtor's spouse's bankruptcy case, Case No. 15-43232, the trustee's sale was no longer stayed

16    and was to proceed on December 29, 2015. Madden Decl., ¶ 13.

17         13.     However, on December 29, 2015, the Debtor filed this Chapter 13 bankruptcy

18    case. The automatic stay arising from this case has required Movant again to postpone its

19    trustee's sale of the Property. Movant continues to be injured by the inability to complete the

20    foreclosure of its DOT as a result of the automatic stay arising from the serial bankruptcy filings

21    of the Debtor and Debtor's spouse. Madden Decl., ¶ 14.

22         14.     Based on the history of bankruptcy filings involving the Property, Movant also

23    requests *in rem* relief.

24         15.     Relief from stay may be granted for cause pursuant to 11 U.S.C. §362(d)(1). One

25    of the grounds for cause under §362(d)(1) is that the bankruptcy case was filed in bad faith. The

26    instant bankruptcy case was clearly filed in bad faith because the Debtor is ineligible to file a

27    Chapter 13 case pursuant to the provisions of 11 U.S.C. §109(e). Pursuant to 11 U.S.C. §109(e),

28    only an individual with regular income that owes, on the date of filing secured debts of less than

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-7245-2908 v1

- 4 -

MOTION FOR RELIEF FROM
AUTOMATIC STAY

Case: 15-43901   Doc# 8   Filed: 01/08/16   Entered: 01/08/16 15:26:49   Page 4 of 6

$1,149,525, is eligible to file under Chapter 13. As demonstrated above, the total amount of debt owed by the Debtor under the Chase Loan and the Movant's loan, and that is secured by the Property, was in excess of $2,274,000 as of the time the bankruptcy case was filed. Consequently, the Debtor is ineligible to file a Chapter 13 case and filed the case in bad faith on the day of the scheduled foreclosure sale solely to stop the sale. *Matter of Little Creek Development Co.*, 779 F.2d 1068, 1074 (relief from stay may be granted for cause when facts appear in the record that clearly warrant a finding of bad faith and abuse of the bankruptcy process).

16. The serial filing of improper Chapter 13 cases, first by the Debtor's spouse, and then by the Debtor, establish a prima facie showing of "cause" for prospective relief from the automatic stay under 11 U.S.C. § 362(a)(1). The same facts also establish a prima facie basis for "*in rem*" relief (meaning relief of the type granted under 11 U.S.C. § 362(d)(4)) based on multiple bankruptcy filings as part of a scheme to "hinder, delay, or defraud creditors" within the meaning of 11 U.S.C. § 362(d)(4). Alternatively, *in rem* relief is also appropriate under the general power to grant "relief" from the automatic stay (11 U.S.C. § 362(d)) combined with either (i) 11 U.S.C. § 105(a) or (ii) this court's inherent powers.

17. The Court may determine to dismiss this bankruptcy case as well, however, Movant requests that the Court reserve jurisdiction to grant this Motion if such dismissal occurs prior to the hearing on this Motion.

WHEREFORE, Movant respectfully requests that the Court grant this Motion and order that relief from the stay is granted under 11 U.S.C. §362(d)(1) and that Movant (and any successors or assigns) may proceed under applicable nonbankrutpcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

Movant further requests that the 14-day stay prescribed by FRBP 4001(a)(3) be waived and that the Order include the following *in rem* relief:

"Pursuant to 11 U.S.C. § 362(d)(4), the Court finds that the filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved multiple bankruptcy cases affecting the Property and the Court

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4831-7245-2908 v1

Case: 15-43901    Doc# 8    Filed: 01/08/16    Entered: 01/08/16 15:26:49    Page 5 of 6

1    makes a finding that the Debtor was involved in this scheme.

2    "If recorded in compliance with applicable state laws governing notices of
     interests or liens in real property, this order shall be binding in any other case
3    under this title purporting to affect the Property filed not later than 2 years after
     the date of the entry of this order by the court, except that a debtor in a
4    subsequent case under this title may move for relief from this order based upon
     changed circumstances or for good cause shown, after notice and a hearing.  Any
5    federal, state or local government unit that accepts notices of interests or liens in
     real property shall accept any certified copy of this order for indexing and
6    recording.

7    "This order is binding and effective despite any conversion of this bankruptcy
     case to a case under any other chapter of the Bankruptcy Code."

8

9
     Dated: January 8, 2016                              BURKE, WILLIAMS & SORENSEN, LLP
10                                                       Joseph P. Buchman

11

12                                                       By:  /s/ Joseph P. Buchman
                                                             Richard J. Reynolds
13                                                           Attorneys for Creditor
                                                             Trojan Capital Investments, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 15-43901    Doc# 8    Filed: 01/08/16    Entered: 01/08/16 15:26:49    Page 6 of 6